**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4456

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLVIN ANTONIO RAMOS-RAUDALES, a/k/a Joel Raman,

Defendant - Appellant.

No. 22-4457

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLVIN ANTONIO RAMOS-RAUDALES, a/k/a Olvin Antonio Ramos-Raudales, a/k/a Olvin Antonio Ramons-Raudales,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Elizabeth City and Raleigh.  Louise W. Flanagan, District Judge.  (2:21-cr-00028-FL-1; 5:22-cr-00006-FL-1)

Submitted:  April 28, 2023                      Decided:  May 15, 2023

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Jennifer C. Nucci, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olvin Antonio Ramos-Raudales pleaded guilty to illegal reentry subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1), and the district court sentenced him to 21 months' imprisonment. At the time Ramos-Raudales committed this offense, he was on supervised release. Based on Ramos-Raudales' admission to violating the terms of his supervision, the district court revoked his supervised release and imposed a 10-month sentence to run consecutively to the 21-month sentence for the illegal reentry offense. Ramos-Raudales appeals from the judgment imposed for his illegal reentry offense and the revocation judgment, and he challenges the reasonableness of his 10-month revocation sentence. We affirm.

In fashioning a sentence upon revocation of supervised release and determining whether that sentence should run consecutively to another sentence, a sentencing court "has broad discretion." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013); *see also Setser v. United States*, 566 U.S. 231, 236 (2012) (noting that sentencing courts have discretion to choose whether the sentences they impose will run consecutively with respect to other sentences they impose). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable. *Id.* Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" so. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (stating that a plainly

3

unreasonable sentence is one in which the error is clear and obvious). In doing so, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but "we strike a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence . . . ." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). An explanation is adequate if it permits us to determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up). "[A] revocation sentence is substantively reasonable if the [district] court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up). As with an original sentence, a revocation sentence that is within the recommended policy statement range is "presumed reasonable." *Gibbs*, 897 F.3d at 204.

We conclude that Ramos-Raudales' revocation sentence is procedurally and substantively reasonable. The district court imposed a within-policy-statement-range

4

sentence, considered the relevant statutory factors, and heard Ramos-Raudales' nonfrivolous arguments for mitigation. Specifically, the district court addressed Ramos-Raudales' contention that he mistakenly believed he was allowed to return to the United States after the change in presidential administrations and his contention that he only reentered the United States to escape the poor conditions in his country of origin. On appeal, Ramos-Raudales argues that the district court gave insufficient weight to these contentions, but we conclude that the district court did not abuse its broad discretion. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing district court's "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Accordingly, we affirm the revocation judgment. Moreover, as Ramos-Raudales has failed to challenge his illegal reentry conviction or the sentence imposed for that offense, we also affirm that judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5